United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-15420-elf
Alan Richard DeLong                                                       Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore          Page 1 of 1            Date Rcvd: Apr 30, 2019
                              Form ID: pdf900          Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 02, 2019.
db              Alan Richard DeLong,    4521 East Campbell Road,    Pennsburg, PA  18073-2604
cr             +Collins Asset Group, LLC,    Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd, Suite #200,
                 Tucson, AZ 85712-1083

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov May 01 2019 02:48:36      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 01 2019 02:48:18
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 01 2019 02:48:33     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: gecsedi@recoverycorp.com May 01 2019 02:52:53      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 02, 2019                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 30, 2019 at the address(es) listed below:
              ALBERT J. SCARAFONE, JR.    on behalf of Debtor Alan Richard DeLong scarafone@comcast.net,
               ascarafone@gmail.com;r39418@notify.bestcase.com
              KEVIN G. MCDONALD    on behalf of Creditor    Global Lending Services, LLC bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 6

Stip affects confirmed plan.
MFR hrg 4/23/2019 @ 9:30

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alan Richard DeLong <br>             Debtor | CHAPTER 13 |
| LAKEVIEW LOAN SERVICING LLC <br>             Movant <br> vs. | NO. 18-15420 ELF |
| Alan Richard DeLong <br>             Debtor | |
| William C. Miller Esq. <br>             Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,181.77,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2018 to March 2019 at $1,924.75/month |
| Suspense Balance: | $1,397.73 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$11,181.77** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$11,181.77.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$11,181.77** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due April 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,924.75 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 25, 2019            By: /s/ Kevin G. McDonald, Esquire
                                  Attorney for Movant

Date:   4/19/2019                 /s/ Albert J. Scarafone, Jr., Esquire
                                  Albert J. Scarafone, Jr., Esquire
                                  Attorney for Debtor

Date:   4/22/19                   LeRoy Etheridge
                                  William C. Miller, Esquire    NO OBJECTION
                                  Chapter 13 Trustee            *without prejudice to any
                                                                trustee rights or remedies.

**O R D E R**

Approved by the Court this 30th day of April, 2019. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE